**E-FILED**
Monday, 24 March, 2014 12:34:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICHARD AGUADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3378-SEM |
| | ) |
| DIRECTOR GODINEZ, WARDEN TARRY WILLIAMS, JOHN DOE 1, and JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |

## <u>MERIT REVIEW OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Richard Aguado's claims and for consideration of his motion for appointment of counsel and for status.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that

1

are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply

rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Aguado is an inmate within the Illinois Department of Corrections. Aguado was housed at the Western Illinois Correctional Center at all relevant times.

Aguado alleges that, in September 2012, a fellow inmate, Billy Miles, was placed in his cell to be his new cellmate. Aguado asserts that Miles was placed in his cell even though Miles is Black and he is White, even though Miles expressed a dislike of being housed with white inmates, even though Miles was moved from his previous cell based upon Miles' threats to his former cellmate, and even though Miles threatened to assault Aguado.

On October 14, 2012, Miles physically assaulted Aguado. Aguado suffered head injuries as a result of the attack and was hospitalized for his injuries. Aguado was unable to eat or to drink for four days as a result of the attack. Accordingly, Aguado names

3

as a party Defendant the placement officer John Doe 1 who was responsible for placing Miles in Aguado's cell despite knowing of Miles' past violence and threats against Aguado.

Aguado also names Correctional Officer John Doe 2 and Warden Tarry Williams as party Defendants. Aguado claims that, after being released from the hospital, correctional officer John Doe 2 and Warden Williams housed and placed Aguado in the same area of the Western Illinois Correctional Center. Aguado alleges that these Defendants' actions caused him fear and anxiety that Miles would attack him again.

Finally, Aguado names S.A. Godinez, the director of the IDOC as a party Defendant. Aguado claims that he wrote to Godinez regarding his situation, and Godinez failed to take any action to protect him. In fact, Aguado alleges that Godinez simply responded: "[I]t is possible these particular officers were not aware of the listing." Accordingly, Aguado has filed this suit alleging that these Defendants violated his constitutional rights by failing to protect him from Miles' attack.

The Court finds that Aguado's Complaint states a cause of action upon which relief can be granted breaching their duty to

protect him from known risks under the Eighth Amendment. "The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials 'take reasonable measures to guarantee the safety of the inmates.' Therefore, those charged with the high responsibility of running prisons are required, as a matter of constitutionally imposed duty, to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010)(quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

However, prison officials only have a duty to protect inmates from known dangers. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). "[T]he duty is violated only by deliberate indifference to a known substantial risk. Prison and jail officials' [are] not . . . required to guarantee the detainee's safety. The existence or possibility of other better policies which might have been used does not necessarily mean that the defendant was being deliberately indifferent." *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013)(quoting *Franke v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000)).

In the instant case, Aguado has sufficiently alleged that he complained, warned, and placed Defendants on notice of the threats made by his cellmate, but they took no action to protect him from the violent attack at the hands of Miles. Accordingly, the Court finds that Aguado has sufficiently stated a cause of action against Defendants for failing to protect him.

Finally, Aguado has filed two pending motions. The first motion requests a status of his case. This motion is now moot based upon the Court's Merit Review Opinion.

The second motion is one requesting the appointment of counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the

difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

Aguado appears to be literate; he has filed cogent pleadings with the Court; and his claim has survived a merit review. Aguado's claim is not so novel or complex that he cannot litigate it himself. Aguado has personal knowledge of the facts supporting his claim and appears cable of cross-examining Defendants regarding their version of the events. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The test for appointment of counsel is not whether a lawyer could more effectively handle the case. *Pruitt*, 503

7

F.3d at 655. The test is whether the litigant is competent to litigate his own claims. *Id.* Aguado appears competent to litigate this case himself, and therefore, the Court denies his motion for appointment of counsel.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants for failing to protect him in violation of his Eighth and Fourteenth Amendment rights. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer

sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's documents electronically and send notices of electronic filing to defense counsel. The notices of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; 3) SHOW PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [4] AS DENIED; AND 4) SHOW PLAINTIFF'S MOTION FOR STATUS [6] DENIED AS MOOT.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: March 24, 2014

FOR THE COURT:

                                         <u>s/ Sue E. Myerscough</u>
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE