# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD AGUADO, | ) |
| Plaintiff, | ) |
| v. | ) No.: 13-3378-SEM |
| DIRECTOR GODINEZ, *et al.*, | ) |
| Defendants. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff Richard Aguado's motions for a preliminary injunction. The Court conducted an evidentiary hearing on Aguado's motions, and after considering the evidence and the Parties' briefs, the Court denies Aguado's motions because Aguado failed to demonstrate a likelihood of success on the merits of his claim and because the injunctions that he seeks are contrary to public policy.

## I.
## FACTS

In his first motion for a preliminary injunction, Aguado asks the Court to issue an injunction that would prohibit Defendants

from placing him in cells and on galleries with mentally unstable and aggressive inmates. Aguado also asks the Court to order the Warden at the Western Illinois Correctional Center to personally approve Aguado's cell placements and cellmates, and he further asks that a psychiatrist review and approve all of his cell placements and cellmates. Aguado finally asks the Court for an Order that, essentially, orders Defendants to comply with the Illinois Administrative Code and to stop violating his constitutional rights.

Aguado claims that such an injunction is necessary in order to ensure that he is not attacked again by another inmate. Aguado states that Defendants have demonstrated a lack of concern for his safety since he filed this suit and that an injunction is the only means by which his safety can be assured.

On June 4, 2015, Aguado wrote a letter to the Court seeking the Court's assistance. Therein, Aguado claimed that he had recently been relocated from an upper gallery to a lower gallery. Aguado further claimed that his new cellmate had threatened his life. Aguado states that his new cellmate is mentally unstable and

highly aggressive, and Aguado fears he may soon be the victim of a physical attack or worse if the Court does not intervene.

The Court considered Aguado's letter as constituting a second motion for a preliminary injunction. The Court set a hearing on Aguado's two motions and heard evidence from Aguado and Defendants regarding Aguado's requests. Further facts will be included *infra* as necessary.

### III.
### APPLICABLE LAW

The law governing a request for a temporary restraining order or a preliminary injunction is well-established. Aguado seeks a mandatory preliminary injunction, and mandatory injunctions are very rarely issued except on the clearest equitable grounds. *W.A. Mack v. General Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958).

The standards for entering a temporary restraining order are identical to those for entering a preliminary injunction. *Anthony v. Village of South Holland*, 2013 WL 5967505, * 2 (N.D. Ill. Nov. 8, 2013). "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer

irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).  The district court must also consider the public's interest in an injunction. *Id.*

In this balancing of harms, the district court must weigh these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).  "The sliding scale approach is not mathematical in nature, rather 'it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief.'" *Ty, Inc.*, 237 F.3d at 895-96 (quoting *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a

clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The movant must carry his burden of persuasion on each of the elements necessary to enter injunctive relief in order to obtain injunctive relief. *Rust Envt. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997) (holding that a party seeking a preliminary injunction must satisfy each element).

## IV.
## AGUADO IS NOT ENTITLED TO AN INJUNCTION

**A.   The injunction sought by Aguado is contrary to public policy.**

Entering an injunction upon the terms and conditions sought by Aguado in his first motion would be contrary to public policy. Aguado essentially asks the Court to become involved in the day-to-day operations of the prison regarding cell placements and inmate movements. Such involvement in the day-to-day operations of a prison is something that courts should be hesitant to do. *Johnson v. California,* 543 U.S. 499, 529 (2005)("Well before *Turner,* this Court recognized that experienced prison administrators, and not judges, are in the best position to supervise the daily operations of prisons

across this country."); *Lewis v. Casey*, 518 U.S. 343, 361(1996) (same).

Aguado testified that he is no longer being housed in the same cell or gallery as he was when he filed his first motion for a preliminary injunction. Moreover, no evidence exists that the injunctive relief that Aguado wants the Court to impose upon the prison officials would have the desired result. Any such belief by Aguado that it would is speculative. Aguado has failed to demonstrate the clearest equitable grounds for an injunction or that he will suffer any irreparable harm if the Court does not issue the injunction that he seeks. Accordingly, Aguado's first motion for a preliminary injunction is denied.

**B.    Aguado has failed to show a likelihood of success on the merits.**

Likewise, Aguado's second motion for a preliminary injunction is denied. According to Aguado's own testimony, his cellmate threatened his life on June 4, 2015, but Aguado did not inform any prison official about the threat until June 15, 2015. Unless prison officials have actual knowledge of an impending threat against Aguado, they cannot be held liable for failing to protect him. *Butera*

*v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002); *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013)(quoting *Franke v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000)). Without showing actual knowledge on Defendants' part, Aguado has failed to show a likelihood of success on the merits.

Furthermore, Aguado's request for an injunction in his second motion is contrary to public policy.  Lt. Megginson testified during the hearing that an inmate can refuse housing and be transferred to segregation where he will receive a new cell assignment.  Lt. Megginson further testified that he made this option available to Aguado, but Aguado refused.

The Court understands that Aguado may not have wanted or desired this option, but it was an option nonetheless.  Allowing Aguado to by-pass the prison's internal policies and procedures would place the Court in the position of intervening in the day-to-day operations of the prison and would allow Aguado—and, potentially, other inmates—to dictate the conditions and terms of his confinement.  Such an outcome is contrary to public policy, and the Court denies Aguado's second motion for a preliminary injunction.

**IT IS, THEREFORE, ORDERED:**

**1.    Plaintiff's motion for preliminary injunction [33] is DENIED.**

**2.    Plaintiff's letter to the Court that the Court considered to be a second motion for a preliminary injunction [55] is also DENIED.**

**3.    The Clerk of the Court is directed to correct Defendant "Mary Lamaster" to be "Marty Lamaster" and to attempt service on Defendant "Marty Lamaster" pursuant to the Court's standard procedures.**

ENTERED this 26th day of June, 2015

                                            s/ Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE